IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRIN L.  JAMES, SR.,

      Plaintiff,

v.                                                    Civ.  No.  07-0128 JB/RLP

CURRY COUNTY DETENTION
CENTER, *et al.*,

      Defendants.

<u>MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION</u>[1]

1.      This is a proceeding brought pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he was placed in "lockdown" without a hearing, violating his due process rights, and that he was subsequently placed in segregation, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

2.      At the time Plaintiff filed this action, he was incarcerated in the Curry County Detention Center.  He filed a motion for injunctive relief [Doc.  5], alleging that he was being kept in a cell in which the temperature was 40 degrees Fahrenheit.   Before the Court addressed his Motion, Plaintiff was moved to another facility.   The Magistrate Judge's Report and Recommendation was entered [Doc.  21], recommending denying injunctive relief because the Plaintiff had been moved.  Plaintiff filed Objections [Doc.  28].  The Report and Recommendation remains under consideration by the district judge.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Second Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b(1), file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

3.   Plaintiff also filed a Supplemental Motion for Injunctive Relief [Doc. 15] for being kept in segregation at the new facility in Los Lunas, New Mexico,[2] in violation of his due process and Eighth Amendment rights, and for violation of his due process rights for being transferred by the Curry County Defendants.

4.   This Second Report and Recommendation addresses first the claims raised in the initial Complaint, then the Supplemental Motion for Injunctive Relief, and finally, various other pending motions in this matter.

5.   As indicated earlier, Plaintiff alleges he was placed in lockdown and segregation without a hearing, violating his due process rights.  He also alleged violations of the Eighth Amendment's prohibition on cruel and unusual punishment by being placed in segregation.  A prisoner's classification into segregation does not deprive an inmate of a liberty interest protected by the due process clause, nor is a hearing required.  *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987); *Frazier v. Dubois*, 922 F.2d 560 (10th Cir. 1990).   The internal supervision of correctional institutions lies with the prison administrators and is ordinarily not subject to judicial review.  *Hewitt v. Helms*, 459 U.S. 460, 467 (1983).

6.   Being placed in "lockdown" is not *per se* a constitutional violation and Plaintiff offers no facts indicating this situation was anything more than internal supervision of a correctional institution.  Nevertheless, if the conditions of confinement are atypical or pose a significant hardship, such conditions may implicate due process.  *See Trujillo v. Williams*,

---

[2] Since the initial filing of his Complaint, Plaintiff has been moved to Los Lunas, New Mexico [doc. 10], returned to Curry County Detention Center [Doc. 38]; moved to Las Vegas, New Mexico for a competency evaluation[Doc. 48]; and is currently back at Curry County Detention Center [Doc. 59].

465 F.3d 1210, 1225 (10th Cir. 2006). For this reason, the Court ordered Defendants to submit a *Martinez* Report concerning the conditions of Plaintiff's confinement. On January 2, 2008 Defendants filed their <u>Amended Martinez Report and Motion for Summary Judgment</u> [Doc. 54 & 55]. Plaintiff requested an extension of time to respond and the Court's Order [Doc. 51] gave him until February 15, 2008 to submit his response. As of February 22, 2008, Plaintiff has filed no response.

7.    Plaintiff's Complaint alleges he was placed in lockdown and segregation for a period of 14 months, from September, 2006 until November, 2007. He alleges that he exhausted his administrative remedies.

8.    The Amended *Martinez* Report submitted by Defendants indicates that during the period in question -- September, 2006 and November, 2007 -- Plaintiff was placed in segregation for doing legal work for other inmates, for having a weapon in his cell, for medical reasons, and for threats of harm made by him and against him. There were several periods of segregation and no one period lasted longer than 34 days. *See* Doc. 54 & attachments thereto.

9.    Defendants also indicate that Plaintiff never exhausted his administrative remedies. At one point he asked the Warden to release him from segregation, which was done, but at no time did he avail himself of the facility's grievance procedure.[3]

---

[3] Defendants raised the issue of failure to exhaust for the first time in their Amended *Martinez* Report, Doc. 54. Whether or not this comports with the holding of *Jones v. Bock*, --U.S.--, 127 S.Ct. 910 (2007) and, subsequently, *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (defendants have the burden of proving a failure to exhaust in their "responsive pleadings") is unclear, but alternative grounds for dismissal are present in this case.

10.     Plaintiff's Supplemental Motion for Injunctive Relief alleges against the Curry County Defendants a violation of his due process rights for his transfer to another correctional facility.   The due process clause does not protect an inmate from being transferred from one institution to another.   *Olim v.  Wakinekona*, 461 U.S. 238, 245-46 (1983); *Twyman v.  Crisp*, 584 F.2d 352 (10th Cir.  1978).   As for Plaintiff's claim that he again is being held in segregation in violation of his due process and Eighth Amendment claims, these claims are not only being raised against the wrong defendants, the claims fail as a matter of law for the reasons set forth in ¶ 5.   Accordingly, I recommend that Plaintiff's Supplemental Motion for Injunctive Relief be denied.

11.     In the Court's Order for a *Martinez* Report, Plaintiff was informed that a failure to respond to the Defendants' *Martinez* Report could serve as a basis for summary judgment against him, citing *Hall v.  Bellmon*, 935 F.2d 1106, 1110-11 (10th Cir.  1991). *See* Doc.  51.

12.     Having reviewed the record before it, the Court finds that Plaintiff's constitutional rights have not been violated.   The segregation and lockdown were reasonably related to penological interests; the detention was reasonable in light of legitimate security concerns; and the frequency and duration of the segregation and lockdown were not atypical.   *See* ¶ 8, *supra*; *Estate of DiMarco v.  Wyoming Dept.  of Corrections*, 473 F.3d 1334, 1340-41.

13.     There being no factual issues in dispute, the Court recommends that summary judgment in favor of Defendants and against Plaintiff be entered.   Fed.R.Civ.P. 56(c).   In light of this recommendation, the Court declines to address Defendants' Motion to Dismiss Based on Qualified Immunity and a Motion to Stay Based on Qualified Immunity

4

and recommends that both Motions be denied as moot.  For the same reason, the Court

recommends that Plaintiff's Motion for Order for Jury Demand also be denied.

<u>RECOMMENDED DISPOSITION</u>

I recommend that the Complaint [Doc.  1] be dismissed with prejudice; that Plaintiff's

Supplemental Motion for Injunctive Relief [Doc.15] be denied; that Defendant's Motion to

Dismiss Based on Qualified Immunity [Doc.  11] be denied as moot; that Defendant's

Motion to Stay Based on Qualified Immunity [Doc.  12] be denied as moot; and that

Plaintiff's Motion for Order for Jury Demand [Doc.  42] be denied as moot.


Richard L.  Puglisi
United States Magistrate Judge